## M. J. CAVIN v. WICHITA VALLEY TOWNSITE COMPANY.

### Decided June 11, 1904.

**1.—Limitation—Agreement by Husband Binding on Wife.**

Where a widow was in adverse possession of land, and she married, and she and her husband continued to hold possession, an agreement by the husband with the true owner to purchase the land, stopped the running of limitations in her favor, since the head of the family controlled the possession. Following Texas & N. O. Ry. Co. v. Speights, 94 Texas, 350.

**2.—Foreclosure of Vendor's Lien—Boundary Line—Evidence.**

In an action to foreclose a vendor's lien on a strip of land which' defendant's husband had purchased from plaintiff, and as to which there was a controversy as to the true location of the boundary line between plaintiff's and defendant's adjoining surveys, it was competent for plaintiff to show the true location of such line, and also that it was in dispute; that the dispute was settled by an agreement upon a line which left the disputed strip on plaintiff's survey, and that defendant then consented to such agreement, made by her husband.

**3.—Same—Judgment for the Land Erroneous.**

In such action to foreclose the vendor's lien it was error for the court to enter a judgment in plaintiff's favor for the title and possession of the land, and such judgment is reformed so as to establish plaintiff's debt, with foreclosure of the lien.

Appeal from the District Court of Clay. Tried below before Hon. A. H. Carrigan.

*W. T. Allen,* for appellant.

*Taylor & Denny,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was brought by the appellee in the District Court cf Clay County, against R. M. Cavin and M. J. Cavin, the plaintiff alleging that on February 5, 1898, R. M. Cavin executed to plaintiff his promissory note for the sum of $70, for the purchase money for 15½ acres of land described in plaintiff's petition; that default had been made in the payment of said note; that the defendant M. J. Cavin was in possesion of said land and asserting some kind of pretended title thereto, and prayed for a foreclosure of its lien, for an order of sale, and that said land be sold to satisfy said lien and debt. The case was tried at the fall term, 1903, when judgment by default was taken against R. M. Cavin, and a trial by jury was had between the plaintiff and the defendant M. J. Cavin, resulting in a judgment against said defendant, from which she has duly perfected her appeal to this court.

We find the facts to be that about the year 1890 S. W. Schoonmaker, the then husband of appellant, became the purchaser and owner of the southeast quarter of school section No. 14, and of a small survey in the name of C. Waller adjoining on the south. Appellee was then, and has been ever since, the owner of section 15, adjoining the lands mentioned on the east. There is evidence tending to show that at the time of the purchase by Schoonmaker, after inquiry by him then made, he

and one O. T. Bacon, then a stockholder in the appellee company, together with others, went to the southeast corner of the C. Waller survey, as now claimed by appellant, and all parties fixed upon said corner and the line extending thence north as the east line of the Schoonmaker purchase and the dividing line between the last mentioned lands and said section 15. The evidence, however, is uncontradicted that Bacon at this time was without authority from appellee to make any such agreement. He afterwards, however, in 1893, became appellee's general manager, with power to convey its lands, and as such, sold to Clay County a strip of land for a public road, immediately east of the line claimed by appellant, and built a fence on the east side of said road on section 15, thus forming a lane between the lands claimed by appellant and appellee, the said Schoonmaker having fenced his lands soon after his purchase, in accordance with the line as claimed by appellant. Schoonmaker died a few months after his said purchase, appellant and several children surviving him. Some time during the year 1893 appellant married R. M. Cavin, and they lived together upon the Schoonmaker premises, cultivating and enjoying it, until about the year 1899, when R. M. Cavin went to Oklahoma, where he has since been living apart from appellant. The evidence tends to show a dispute as to the true dividing line between sections 14 and 15, and on the 5th day of February, 1894, R. M. Cavin, in settlement of appellee's contention that he had some 15½ acres of section 15 inside of his (Cavin's) inclosure, made, executed and delivered to the appellee his promissory note for $70, payable on or before five years after date, with interest from its date at the rate of 8 per cent per annum, in consideration of which appellee conveyed to R. M. Cavin the land in dispute. The proof further shows that appellant was present and consented to this settlement, which was at a price much less than the land involved was in fact worth.

Appellant's defense on this trial was that the land upon which appellee sought to foreclose its lien was in fact part of the C. Waller and southeast quarter of section 14, and the ten years statute of limitations under claim to the alleged agreed line with Schoonmaker.

Appellant objected to the testimony of O. T. Bacon, establishing the said sale to R. M. Cavin, and to the effect that appellant was present and agreed to the sale, on the ground that such testimony "varied, changed and added to the terms of the contract between the plaintiff and R. M. Cavin, said contract being in writing, and no fraud or mistake being pleaded or shown in the procurement or execution of said contract, and because said agreement is not pleaded by plaintiff."

Appellant is mistaken in the contention that appellee failed to plead the fact that appellant was present and agreed to the said sale and settlement with R. M. Cavin, as will be seen by reference to appellee's first supplemental petition; and we do not think the other objections urged tenable.

In the case of Texas & New Orleans Railway Company v. Speight,

94 Texas, 350, 60 S. W. Rep., 659, it was held by our Supreme Court, quoting from the headnote, that "Where a widow and her children were in adverse possession of land, and she married, and the family so formed held possession, an agreement by the husband with the true owner to purchase the land stops the running of limitations in favor of the widow and children, since the head of the family controlled the possession." The evidence undoubtedly tends to prove that the land sold to R. M. Cavin, and upon which appellee sought to foreclose its lien, is in fact a part of said survey 15, and we know of no rule of law by which to exclude the proof thus objected to. Appellee sought no personal judgment against M. J. Cavin. As against her it sought to foreclose its lien only; and we think it was permissible, not only to show the facts as stated, but to also show that appellant then consented and agreed thereto.

We think the testimony of Earl and others to the effect that the east line of the northeast one-fourth of said section 14, and other surveys in the same system, was some 65 varas west of the east line of appellant's lands as claimed by her, was admissible on the issue of boundary. In other words, it was not only permissible for appellee to establish, if it could do so, the fact that the land in controversy was a part of section 15, but to also show that the boundary line between sections 14 and 15 was in dispute, and that being so in dispute, R. M. Cavin and appellee settled such dispute by an agreement upon a line which left the land in controversy upon section 15. We think the evidence insufficient to show a ratification on appellant's part of the line agreed upon by Schoonmaker and Bacon, and hence in accordance with this and other conclusions noted overrule all assignments of error save the ninth. This we find to be well taken. Upon the issues as submitted by the court the jury found in favor of appellee, and the court entered judgment against R. M. Cavin for the debt and a foreclosure of lien as prayed for, and further that appellee "do have and recover of and from M. J. Cavin, defendant, the title and possession to the above described land, and costs of suit, and that plaintiff have its writ of possession." In this we think there was error. The error, however, will not require the reversal of the judgment. Appellee was not the owner of the land. Appellant had a community interest at least, and she would have the right to protect such interest by paying the judgment debt, in which event appellee could have no further right. The judgment should have merely established the debt as against R. M. Cavin with foreclosure of lien upon the premises described in appellee's petition, as against both R. M. Cavin and M. J. Cavin, and the judgment is now and here so reformed and entered. The judgment as thus reformed is affirmed.

*Reformed and affirmed.*